SCHWARTZ, Senior Judge
(dissenting).
I would affirm on the grounds well stated by the trial court:
The phrase “Conch Republic Independence Celebration” is a generic term and does not constitute a valid and protectable service mark under Florida law. Counsel for Defendant Anderson concedes in open Court that Defendant Anderson does not claim any exclusive rights to the use of the *1173 term “Conch Republic” and the two remaining words, to wit: “Independence Celebration,” are also entirely generic.- Thus, the words together do not constitute a distinctive, defensible brand or mark. Moreover, the right to celebrate a local historical event, to wit: the satirical secession and declaration of independence of the Florida Keys as the “Conch Republic” as declared by former Key West, Florida Mayor Dennis Wardlow in April 1982, belongs to no one man.
Additionally[3] the Court finds as a matter of law that “Conch Republic Independence Celebration” versus what the Plaintiffs are seeking to use, to wit: “Conch Republic Days, Northernmost Territories,” are distinctly different names referring to separate events held in separate trade markets separated geographically by 70 or 80 miles at different ends of the Florida Keys. Thus, the Court finds that there is no likelihood of consumer confusion as to the source or sponsorship of the two events.

3. I disagree with the court that there is anything "incorrect ...” (footnote 2, page 15) about the trial court’s giving another reason— the unlikelihood of confusion — for the result, in addition to the conclusion that the asserted mark was generic and thus unprotectable under any circumstances. Agreement with either ground would require affirmance. I agree with both.